UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

ROGER DENNIS,

                Petitioner,

       -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
------------------------------------------------------x

**ORDER**
09-CV-4644 (SLT)

TOWNES, United States District Judge:

On October 19, 2009, Roger Dennis, ("petitioner") proceeding *pro se*, filed the instant action which he entitles an "amended motion." A review of the motion reveals that petitioner seeks to vacate his April 22, 1999, Kings County conviction, due to his attorney's failure to inform him of the deportation consequences of a guilty plea. Accordingly, the proper jurisdictional basis for the instant application is 28 U.S.C. § 2254.

## BACKGROUND

### Prior History with this Court

This Court notes that petitioner is no stranger to this Court. He has filed three petitions pursuant to 28 U.S.C. § 2241, seeking to stay his deportation. See Dennis v. Hogan, 03-CV-5652 (ERK) (by order dated January 26, 2006, the Court, *inter alia*, denied the § 2241 motion and vacated the stay of deportation); Dennis v. Ashcroft, 05-CV-750 (ERK) (by order dated September 28, 2005, the Court transferred the portion of that case that challenged petitioner's final removal order to the United States Court of Appeals for the Third Circuit. In addition, the Court transferred the portion of petitioner's case that challenged physical custody pending his

removal to the United States District Court for the Middle District of Pennsylvania); Dennis v. Department of Homeland Security, 09-CV-4513 (SLT) (by order dated October 21, 2009, the Court dismissed the § 2241 petition finding that, *inter alia*, the Court of Appeals for the Third Circuit had already adjudicated petitioner's challenge to his removal in Dennis v. Attorney General of the United States, 222 Fed. Appx 229 (3d Cir. 2007)). In addition, petitioner filed a complaint pursuant to 42 U.S.C. § 1983, in which, *inter alia*, petititoner sought a stay of deportation. See Dennis v. Gonzalez, 06-CV-3375 (ERK) (by order dated August 7, 2006, the Court denied the motion for a stay of deportation and dismissed the complaint for failure to state a claim upon which relief may be granted).

Moreover, petitioner has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nevertheless, both of these petitions challenged an April 14, 2003, conviction not the April 1999, conviction he seeks to challenge here. See Dennis v. Hogan, 04 CV 1288 (ERK) and Dennis v. Hogan, 05-CV-862 (ERK) (by order dated January 26, 2006, the Court, by consolidated order, denied the petitions finding that petitioner had not raised the alleged ineffectiveness of counsel with respect to his guilty plea, because petitioner was no longer in custody on the challenged conviction and because the petition appeared to be untimely).

**The Instant Submission**

Petitioner alleges that on March 9, 1999, he pled guilty to the Attempted Sale of a Controlled Substance in the Third Degree. Pet. at 5. He further alleges that he was sentenced on April 22, 1999, to a term of imprisonment of "6 months start program" and five years probation. Id. at 6. Petitioner was arrested on August 13, 2003, for a violation of his probation, and was re-sentenced on April 14, 2003, to a term of imprisonment of one to three years. Id. Petitioner seeks to vacate the April 22, 1999, conviction because he alleges that his attorney failed to

inform him that he would be deported upon completion of his sentence. Id. at 3.

## DISCUSSION

Petitioner tittles this submission an "amended motion" pursuant to "CP 440.10/case 694.99." The Court notes that there is no pending motion which would require amendment and that the submission, despite its reference to state law, liberally construed, is an attempt to challenge his April 1999 conviction. The federal habeas statute gives the Court jurisdiction to review petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). Nevertheless, the Second Circuit has stated that district courts should not recharacterize a mislabeled motion unless the petitioner receives notice and an opportunity to withdraw or amend the mislabeled petition to avoid the consequences prohibiting a second or successive petition. See Cook v. New York State Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). Accordingly, the Court is notifying and advising petitioner that it intends to convert this motion to a petition brought pursuant to 28 U.S.C. § 2254. This conversion will mean that any subsequent § 2254 motion challenging this conviction will be subject to the "second" or "successive" motions set forth in 28 U.S.C. § 2244 (b)(1).

Moreover, if converted, the petition will be subject to the one year period of limitations set forth in § 2244(d)(1) and the in custody requirement.[1] Here, it appears that petitioner has

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

3

already completed his sentence for the state conviction he appears to challenge and therefore he is no longer "in custody." Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394 (2001); Maleng v. Cook, 490 U.S. 488, 491-92 (1989). Petitioner is further informed that the proper respondent for a petition brought pursuant to 28 U.S.C. § 2254, is the Superintendent or Warden of the prison where he is currently confined. The conversion of this petition will occur unless petitioner notifies the Court in writing within thirty days of the date of this order that (1) he consents to the conversion; or (2) he withdraws his motion rather than having it converted to a petition under § 2254.

## CONCLUSION

Accordingly, petitioner is granted thirty (30) days from the date of this order to either: (1) file an affidavit which states that he wants this Court to treat the motion as a petition pursuant to 28 U.S.C. § 2254; or (2) withdraw the motion rather than have it converted to a petition under

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254).

4

§ 2254.

In addition, petitioner must show cause by written affirmation, within thirty days of the date of this order, why his petition should not be dismissed as barred by the statute of limitations; and/or dismissed as petitioner is no longer in custody pursuant to the conviction he seeks to herein challenge.

If petitioner fails to respond within thirty (30) days of the date of this order, the motion shall be deemed a petition pursuant to § 2254 and dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any request to appeal from this order *in forma pauperis* would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 3, 2009