UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

ROGER DENNIS,

                Petitioner,

        -against-

THE PEOPLE OF THE STATE OF NEW
YORK,

                Respondent.
---------------------------------------------------------x

**ORDER**
09-CV-4644 (SLT)

TOWNES, United States District Judge:

On October 19, 2009, petitioner proceeding *pro se*, filed the instant action which he entitled an "amended motion."[1] A review of the motion revealed that petitioner seeks to vacate his April 22, 1999, Kings County conviction, due to his attorney's failure to inform him of the deportation consequences of a guilty plea. Accordingly, the proper jurisdictional basis for the instant application is 28 U.S.C. § 2254.

However, since the Second Circuit has stated that district courts should not recharacterize a mislabeled motion unless the petitioner receives notice and an opportunity to withdraw or amend the mislabeled petition to avoid the consequences prohibiting a second or successive petition, see Cook v. New York State Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998), this Court by order dated November 3, 2009,

---

[1] This Court notes that petitioner is no stranger to this Court. He has filed three petitions pursuant to 28 U.S.C. § 2241. See Dennis v. Hogan, 03 CV 5652 (ERK); Dennis v. Ashcroft, 05 CV 750 (ERK); See Dennis v. Department of Homeland Security, 09-CV-4513 (SLT). In addition, petitioner filed a complaint pursuant to 42 U.S.C. § 1983. See Dennis v. Gonzalez, 06 CV 3375 (ERK). Finally, petitioner has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, both of these petitions challenged an April 14, 2003, conviction not the April 1999, conviction he seeks to challenge here. See Dennis v. Hogan, 04 CV 1288 (ERK) and Dennis v. Hogan, 05 CV 862 (ERK).



granted petitioner thirty (30) days from the date of the order to either: (1) file an affidavit which states that he wants this Court to treat the motion as a petition pursuant to 28 U.S.C. § 2254; or (2) withdraw the motion rather than have it converted to a petition under § 2254. The November 3, 2009, order further directed petitioner to show cause by written affirmation why his petition should not be dismissed as barred by the statute of limitations and/or dismissed because petitioner is no longer in custody pursuant to the 1999 conviction.

The November 3, 2009, order was returned to the Court by the United States Postal Service ("USPS") as undeliverable. Ann Bordley, a Kings County Assistant District Attorney, mailed a copy of the Court's November 3, 2009 order to another address that her office had on record for petitioner. The USPS returned that letter to sender with the following notation: Return to Sender- Refused-Unable to Forward. See Letters dated November 19, 2009 and December 2, 2009, from Ann Bordley.

## CONCLUSION

Accordingly, since petitioner has failed to keep the Court apprised of his current address, and the Court has no way of contacting petitioner, the instant action is hereby dismissed without prejudice. When a party changes addresses, it is his obligation to notify the Court of his new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies not only to represented parties but also to *pro se* litigants. See id., at *1; see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.
Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                      SANDRA L. TOWNES
                                      United States District Judge

Dated: March 15, 2010
       Brooklyn, New York